UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| EUGENIO LANSIGAN, | ) |
| | ) |
| Plaintiff, | ) Jury Demanded |
| | ) |
| v. | ) No. _____ |
| | ) |
| NOURYON SURFACE CHEMISTRY LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff sues Defendant and shows unto the Court as follows:

### I. JURISDICTION

1. The jurisdiction of this Court is invoked by Plaintiff pursuant to 29 U.S.C. §626, and 28 U.S.C. §1331, to secure protection and redress for the deprivation of rights granted by the Age Discrimination in Employment Act ("ADEA") and the Tennessee Human Rights Act ("THRA"), which provide for injunctive and other relief against age discrimination in employment.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 because all acts complained of herein occurred in Hamilton County, Tennessee.

### II. NATURE OF PROCEEDING

3. This is an employment case in which Plaintiff seeks back pay and benefits; injunctive relief requiring Defendant to cease its discriminatory practices and to promote Plaintiff into the position from which he was unlawfully denied promotion; liquidated damages; compensatory damages; prejudgment interest and attorney fees; and for such additional damages as may be necessary to effectuate the purposes of the ADEA and the THRA.

## III. THE PARTIES

4. Plaintiff is a resident of Hamilton County, Tennessee.

5. Defendant is a Delaware limited liability company, with a manufacturing facility located at 909 Mueller Avenue, Chattanooga, Tennessee 37406. Defendant produces polymers and is engaged in interstate commerce.

6. Defendant meets the definition of an "employer" within the meaning of the ADEA, 29 U.S.C. §630(b), inasmuch as Defendant is engaged in an industry affecting commerce and has employed 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

7. Defendant meets the definition of an "employer" within the meaning of the THRA, Tenn. Code Ann. §4-21-102(5), inasmuch as Defendant employs eight or more persons within the State of Tennessee.

## IV. FACTUAL BASIS OF PLAINTIFF'S CLAIM

8. For over 30 years, Plaintiff has been employed by Defendant and its predecessor companies in the polymers industry.

9. Plaintiff has held many roles and positions with Defendant, including the position of production manager at facilities in Malaysia and Thailand for four years and plant manager for a facility in the Philippines.

10. In 2002, Defendant moved Plaintiff to Chattanooga to help modernize its manufacturing facility. His initial role was Process Engineer. Since 2008, Plaintiff has held the role of Senior Process Engineer.

2

11. In late 2021, the position of Production Manager at the Chattanooga facility became vacant. In January 2022, Plaintiff applied for the Production Manager position, which would be a promotion for Plaintiff because of its increase in pay and responsibilities.

12. After applying for the promotion, Plaintiff had several conversations with Manoela Pereira (immediate supervisor) and Brad Taylor (Site Director) about his interest in the Production Manager position. Both Mr. Taylor and Ms. Pereira acknowledged awareness of Plaintiff's application and indicated that he would be interviewed at some point in the future. However, that interview never occurred.

13. At some point in 2022, Mr. Taylor decided not to immediately fill the vacancy. Instead, he delegated some of the Production Manager duties to Plaintiff and James Smith (Production Supervisor). Mr. Smith, who is in his early 50s, also applied for the Production Manager position. Like Plaintiff, Mr. Smith never received an interview for the position.

14. Throughout the year 2022, Plaintiff successfully handled the Production Manager duties assigned to him, in addition to his regular Senior Process Engineer duties. In Plaintiff's 2022 performance review, Ms. Pereira praised Plaintiff for completing the additional Production Manager duties.

15. Periodically throughout the year 2022, Plaintiff mentioned to Mr. Taylor and Ms. Pereira of his continued interest in the promotion to Production Manager. The typical response Plaintiff received from them was that the process for filling the position was "on-going."

16. Unbeknownst to Plaintiff, Defendant removed the job posting but later reposted the position in November 2022. After the position was reposted, the only external candidate interviewed was Raven Snyder, a 35-year-old who had far less manufacturing and supervisory

3

experience than Plaintiff. Despite his inferior qualifications, Mr. Snyder was hired for the Production Manager position in late January 2023.

17. In a meeting on February 1, 2023, in which Plaintiff was present, Mr. Taylor was asked why Mr. Snyder was hired for the Production Manager position. Mr. Taylor responded, "**We wanted someone younger**, hungry for the job, and someone with fresh eyes." After the meeting concluded, Plaintiff confronted Mr. Taylor about the hiring of Mr. Snyder and pointed out the illegality of using age as the selection factor. In doing so, Plaintiff voiced his opposition to this discriminatory personnel decision.

18. On February 8, 2023, during his annual performance review, Plaintiff asked Ms. Pereira why he was not given an interview for the Production Manager position as had been promised by Ms. Pereira and Mr. Taylor earlier in 2022. Ms. Pereira admitted that Plaintiff should have been interviewed and that the selection process had not been handled well.

19. In a late afternoon meeting with Mr. Taylor on February 15, 2023, Plaintiff challenged the decision to hire Mr. Snyder. **Mr. Taylor again admitted that the company wanted someone younger for the position** who could be trained to become the Site Director in the future. When pressed about not receiving an interview, Mr. Taylor claimed that he thought Plaintiff was no longer interested in the position. Such an explanation strains credulity because throughout the year 2022 Plaintiff had expressed his on-going interest in the position to Mr. Taylor and Ms. Pereira.

20. In addition to the direct evidence of age discrimination based upon Mr. Taylor's admissions, the objective evidence demonstrates that Plaintiff was far better qualified for the Production Manager position than the much younger selectee, Mr. Snyder.

21. Plaintiff has 30 years of experience in the field of polymer manufacturing. Mr. Snyder, on the other hand, has only two years of experience in the field of polymer manufacturing and only eight years of general manufacturing experience.

22. Plaintiff has 10 years of supervisory experience in the chemical processing industry, whereas Mr. Snyder has possibly one year of supervisory experience.

23. Plaintiff has previous experience in the position of production manager – both in the year 2022 at the Chattanooga plant while the position was vacant and also in previous roles in the 1990s while working with a predecessor company. Mr. Snyder has no prior experience in the role of production manager.

24. Plaintiff has supervisory experience working with labor unions – a qualification that Defendant noted was "a plus" for the Production Manager position. Over the past 20 years, Plaintiff has worked harmoniously with the Chattanooga plant's on-site labor union and has never had a grievance filed against him. On the other hand, Mr. Snyder has no experience working with labor unions.

25. Finally, Plaintiff has significant health, safety, environmental and security (HSES) experience, including serving as Asia Pacific Regional HSES and Engineering Manager for Defendant's predecessor company at its Bangkok headquarters in the early 2000s. Mr. Snyder has at most two years of HSES experience.

26. Over the past several years, including the year 2022, Plaintiff consistently received good performance reviews, in which he was assessed "on target" as an overall rating. These good reviews resulted in Plaintiff receiving a 3% merit salary increase effective April 1, 2023, as well as a large bonus based partly upon Plaintiff's individual performance in 2022.

## V. CAUSES OF ACTION

Count 1 – Violation of the ADEA

27. By intentionally not selecting Plaintiff for promotion because of his age, Defendant violated the ADEA, 29 U.S.C. §623(a)(1).

28. At the time that Plaintiff was not selected for promotion, the decision-makers, including Brad Taylor, were aware that it is unlawful to make personnel decisions based upon age or consider age as a selection criterion. At the very least, the decision-makers showed reckless disregard as to whether their conduct was prohibited by the ADEA.

Count 2 – Violation of the THRA

29. By intentionally not selecting Plaintiff for promotion because of his age, Defendant violated the THRA, Tenn. Code Ann. §4-21-401(a)(1).

## VI. ADMINISTRATIVE EXHAUSTION

30. On April 27, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), which was assigned Charge Number 494-2023-02260. Plaintiff brings this action more than 60 days after filing his Charge of Discrimination with the EEOC, pursuant to 29 U.S.C. §626(d)(1) and 29 C.F.R. §1626.18(b).

## VII. DAMAGES

31. As a result of the wrongful actions of Defendant as described above, Plaintiff has suffered both financially and emotionally. In particular, Plaintiff has lost and will continue to lose salary and valuable employee benefits. In addition to the financial loss Plaintiff has sustained, he has suffered emotional grief resulting from Defendant's unlawful actions.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a. That the Court issue and serve process on Defendant and require Defendant to answer within the time prescribed by law;

b. That Plaintiff be awarded judgment for damages for lost wages and employee benefits which he has lost from the date of failure to select through trial;

c. That the Court issue an injunction requiring Defendant to promote Plaintiff, or in the alternative, to award front pay in lieu thereof;

d. That Plaintiff be awarded compensatory damages, including damages for emotional pain, suffering, grief and other nonpecuniary losses, as are allowed under the THRA;

e. That Plaintiff be awarded liquidated damages as are allowed under the ADEA;

f. That Plaintiff be awarded attorney fees, prejudgment interest, costs of this action, litigation expenses, and such other relief as the Court deems proper to fully effectuate the terms of the ADEA and the THRA; and

g. Plaintiff demands a jury to try all claims and issues triable by a jury.

**MIKEL & HAMILL PLLC**

By: s/ *Doug S. Hamill*
Doug S. Hamill, BPR No. 022825
Attorney for Plaintiff
620 Lindsay Street, Suite 200
Chattanooga, TN 37403
(423) 541-5400
dhamill@mhemploymentlaw.com